372 So.2d 1074 (1979)
John W. ROBINSON, Jr., et al.
v.
HOWARD BROTHERS OF JACKSON, INC. and Mark S. Pace.
No. 51093.
Supreme Court of Mississippi.
May 9, 1979.
Rehearing Denied July 25, 1979.
Perry, Crockett, Morrison & Starling, Robert E. Perry, Lester F. Smith, Tommy E. Furby, Jackson, James H. Herring, Canton, for appellants.
Heidelberg, Woodliff & Franks, George F. Woodliff, Charles G. Copeland, C.A. Henley, Jr., Watkins & Eager, Hassell H. Whitworth, John L. Low, IV, Jackson, for appellees.
Before SMITH, SUGG and BROOM, JJ.
SUGG, Justice, for the Court:
On September 20, 1975, John P. Alexander, II, purchased a pistol and on September 21, 1975, purchased 50 rounds of ammunition from Howard Bros. of Jackson, Inc. Mark Pace, a clerk in the store, filled out the bottom half of the firearms registration form after Alexander had completed the top portion of the form which included the birthdate of Alexander. Alexander presented his drivers license to Pace, which showed his birthdate as December 30, 1954. Howard's sales policy for firearms required a member of the management to authorize the sale of a firearm. Pace received approval for the sale from the manager of Howard's automotive department. Alexander certified and signed a statement that he was at least 21 years of age and that he would only use the ammunition for lawful purposes.
On September 29, 1975, Alexander purchased an additional 50 rounds of ammunition. He again certified that he was at least 21 years of age and that he would only use the ammunition for lawful purposes.
Distraught over the circumstances surrounding his love affair with Harriet Robinson, Alexander murdered Mrs. Robinson with the pistol and ammunition purchased from Howard Bros.
Plaintiffs filed suit against Howard's and Pace for the wrongful death of Mrs. Robinson. The declaration alleged that the death of Mrs. Robinson resulted from the sale of the pistol and ammunition to Alexander, a minor, in violation of the Gun Control Act of 1968, 18 U.S.C. § 922(b)(1) and Mississippi Code Annotated section 97-37-13 (1972).[1] Defendants admitted negligence in selling a *1075 firearm and ammunition to a minor but denied liability for the death of Mrs. Robinson. Defendants moved for a directed verdict which was granted by the trial court.
Plaintiffs argue that the murder of Mrs. Robinson is an example of acts sought to be prevented by the statutes. Plaintiffs argue that sale of the pistol was a contributing cause to the death of Mrs. Robinson and liability was established as a matter of law. If we accept appellants' position, one who sells a pistol to a minor in violation of the above statutes would be absolutely liable for any damages inflicted by a minor with the pistol. Stated differently, the seller would be an insurer of the safety of any person injured by a pistol sold to a minor.
We are unable to accept such an unrestricted view. We held in Permenter v. Milner Chevrolet Co., 229 Miss. 385, 91 So.2d 243 (1956) that an actor who violated a statute was not responsible for the damages that occurred as a result of a third party's negligence. Milner Chevrolet Co. violated the statute prohibiting leaving the key in the ignition of an unattended automobile. The automobile was stolen and Permenter sustained personal injuries when an automobile in which he was riding was struck by the stolen automobile. We denied recovery and held that, although the defendant was guilty of negligence by violating the statute, the reckless driving of the thief was an independent intervening agency which caused the accident and superseded the original act of negligence.
Also, in Bufkin v. Louisville and N.R. Co., 161 Miss. 594, 137 So. 517 (1931), Bufkin was injured when a passenger on defendant's train knocked him down and against the moving train. The train was exceeding the speed limit established by statute. Plaintiff argued that the excessive speed of the train was the proximate cause of his injury, rather than the act of the passenger in knocking him down. We held that the excessive speed of the train was not the proximate cause of the plaintiff's injury, and stated:
A wrongdoer is responsible for the consequences of his own wrongful act, but he is not responsible for what others, acting independently of him, and for themselves, did, even though his act may be the occasion of their act. They are independent actors, and each is responsible for his own act. "Consecutive wrongs, done by independent agents, cannot be conjoined to increase or enlarge the responsibility of one of them." One person is negligent on a particular subject-matter; another person, moving independently, comes in, and either negligently or maliciously so acts as to make the negligence of the other injurious to a third person. In such a case the person so interfering "acts as a nonconductor and insulates" the negligence of the other person ...
.....
The negligence of appellee was harmless in itself, but was rendered harmful by the negligent act of the passenger. The proximate cause of the injury, therefore, was not the negligence of the appellee, but that of the passenger. [161 Miss. at 598, 599, 600; 137 So. at 518].
In Munford, Inc. v. Peterson, et al., 368 So.2d 213 (Miss. 1979), we held that an injured party is entitled to recover against one who violates a statute if the negligent violation of the statute proximately caused or contributed to the injury. The action was based on Mississippi Code Annotated section 67-3-53(b) (1972), which prohibits the sale of beer to any person under the age of 18 years. Three minors purchased beer from the Majic Market on three different occasions during a single night. The operator of the store asked the first purchaser if he was 18 years of age, but did not require proof of age or identity. Later, another one of the minors purchased a six-pack of beer without any questions being asked about his age. After the final six-pack was consumed, an automobile accident occurred in which one of the minors was killed. The declaration charged negligence for the unlawful sale of beer to persons under the age of 18 years who became intoxicated as a result of consuming the beer. Defendant argued that the plaintiffs failed to state a cause of action and that the trial court *1076 erred in instructing the jury that Munford was negligent as a matter of law. We held that violation of the statute was negligence per se and the trial court properly instructed the jury that plaintiffs were entitled to recover if the negligence of the defendant proximately caused or contributed to the death of the passenger in the automobile.
This case is distinguishable from the facts in Munford because in this case the purchaser of the pistol committed a premeditated murder whereas Munford dealt with the negligent operation of an automobile.
The question of foreseeability is important in our case because there is less reason to anticipate premeditated and malicious acts as opposed to acts which are merely negligent. A clear statement on this question of foreseeability appears in Prosser, Law of Torts, 4th Ed. pp. 173, 174 where the author states:
There is normally much less reason to anticipate acts on the part of others which are malicious and intentionally damaging than those which are merely negligent; and this is all the more true where, as is usually the case, such acts are criminal. Under all ordinary and normal circumstances, in the absence of any reason to expect the contrary, the actor may reasonably proceed upon the assumption that others will obey the criminal law ...
Pace, the employee of Howard's, who sold the pistol to Alexander, had known Alexander when they were in school together, and there was no evidence to indicate that Alexander had a previous criminal record or exhibited the propensity to handle firearms in a dangerous manner. We do not feel that the murder of Mrs. Robinson by Alexander was within the "circle of reasonable foreseeability" stated in Mauney v. Gulf Refining Co., 193 Miss. 421, 8 So.2d 249 (Miss. 1942).
The act of Alexander in murdering Mrs. Robinson was an independent intervening agency which superseded the negligence of defendants. The proximate cause of the death of Mrs. Robinson was not the negligence of the defendants but the premeditated murder of Mrs. Robinson by Alexander. Under the facts in this case we do not believe that the defendants could have reasonably foreseen that Alexander would commit a murder with the pistol and ammunition which he purchased more than two weeks earlier.
Plaintiffs rely on Franco v. Bunyard, 547 S.W.2d 91, (Ark. 1977), which involved the failure of a gun dealer to comply with the identification requirements of the federal gun control law. An escapee from the state penitentiary purchased a gun from the defendant but was not required to furnish any identification. The next day, using the firearm, the purchaser robbed a grocery store and fatally wounded two hostages. Suit was filed against the gun dealer for the wrongful deaths of the hostages. As to proximate cause, the court held that the tragedies would not have occurred if the federal rules had been obeyed.
Although persuasive, we decline to follow the Arkansas case because the facts in our case are entirely different in that there was no showing that Alexander had a previous criminal record or a propensity for violence. In the Arkansas case the purchaser of the firearm was an escaped convict with a previous criminal record.
In sum, the intentional criminal act of Alexander was an independent intervening cause that broke the causal connection between defendants' negligent act and the death of Mrs. Robinson. The criminal act cannot be said to have been within the realm of reasonable foreseeability because the defendants, although negligent per se, could reasonably assume that Alexander would obey the criminal law. We hold that plaintiffs failed to prove a cause of action upon which relief could be granted and the court correctly directed the verdict for defendants.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM and LEE, JJ., concur.
BOWLING and COFER, JJ., took no part.
NOTES
[1] Section 33-5-1 Mississippi Code Annotated (1972) provides that the militia of the State of Mississippi shall consist of all able-bodied male citizens of the state between the ages of 18 and 45 years who are not exempt by law of this state or of the United States. The possible effect of this statute considered in conjunction with the Second Amendment of the United States Constitution and Section 214 of the Mississippi Constitution of 1890 was not argued and is not before the Court for decision in this case.