SULLIVAN, Justice,
for the Court:
This is an appeal from the trial court’s grant of summary judgment in favor of the City of Biloxi. We are presented with a question of the proper application of Rule 56 of Mississippi Rules of Civil Procedure, and specifically the use of a eonclusory affidavit to sustain summary judgment. We reverse and remand.
I.
On June 6, 1989, George L. Scott and Nancy B. Scott (Scotts) filed a tort action against the City of Biloxi, a municipal corporation (City). The complaint alleges negligence by the City in failing to respond to an electronic alarm system connected to the City’s police department resulting in burglary losses. City answered and denied that it was negligent, and asserted a sovereign immunity defense, among others.
Subsequent to filing their complaint, Scotts propounded discovery interrogatories to the City. In response to Interrogatory No. 15 pertaining to insurance coverage, the City stated that it had liability coverage for the matters complained of.
The record also shows that the Scotts made the following request for production:
Appropriate excerpts of that certain policy of insurance which insures the CITY OF BILOXI providing coverage for that matter complained of herein, together with all appropriate identifying or declaration sheets as necessary together with designation thereon of all applicable provisions, or, if such coverage is not provided for by the terms of the policy, excerpts as requested where same should be covered or excerpts of same where it is specifically excluded.
The response filed by City on September 5, 1989, states: “See attached.” The only attachment to this response is a copy of a Certificate of Membership issued in conjunction with City’s governmental contract with The Star Pool, a risk pooling authority *1004 which provided insurance coverage for the City’s police department.
On January 22, 1990, City moved for summary judgment pursuant to Rule 56, Miss.R.Civ.P. on the grounds that no genuine issue of fact existed regarding the following matter:
The City of Biloxi is uninsured for the plaintiff’s claim against it, and therefore is entitled to claim sovereign immunity as a complete defense.
City attached to its motion the affidavit of its Mayor reciting:
Effective July 1, 1989, the City of Biloxi, Mississippi, withdrew from The Star Pool, a non-profit risk pooling authority which provided insurance coverage to the police department of the City of Biloxi. The contract between the City of Biloxi and The Star Pool contained a provision by which withdrawal from membership in the pool effected a cancellation of all insurance coverage regardless that the incidents covered had occurred prior to the withdrawal.
The City of Biloxi has subsequently obtained other insurance for prospective claims, but has not purchased and does not have insurance which covers the claim made by George and Nancy Scott arising out of a theft of their property in July, 1987.
Scotts filed their response to the motion and affidavit reciting, in part:
The record shows that the City had insurance for the subject claim at the time of the incident complained of and even subsequent to the complaint being filed.
Affidavits attached to their response also alleged “that the defendant had insurance coverage for this incident, which coverage was still in place after we caused a complaint to be filed on June 6, 1989, which is hereinabove styled and numbered.”
On examination of the pleadings and affidavits, the trial court, on May 25, 1990, made the following findings:
Plaintiffs have sued a Mississippi municipal corporation alleging that the defendant’s police department failed to respond to a private alarm which indicated a burglary at the plaintiffs’ residence. The complaint seeks compensatory damages in the amount of $100,000.00 and punitive damages of $250,000.00.
The mayor of the defendant municipality has filed an affidavit stating that the defendant no longer has insurance coverage which would cover the claim made by the plaintiffs.
The trial court also made conclusions of law which recite, in part:
Because the defendant has proven by sworn affidavit submitted in support of its motion that it does not have insurance to cover the claim brought by the plaintiffs, and because the claim occurred after the enactment of Chapter 46, Title 11 of the Mississippi Code, the sovereign immunity that existed prior to Pruett v. City of Rosedale applies to this defendant and to this case.[1]
The court’s order granting summary judgment was filed May 25, 1990. On May 29, 1990, City filed its supplemental response to Scotts’ Interrogatory No. 15 which states:
The City of Biloxi currently has no applicable liability insurance coverage for such matters. At the time of the incident complaint [sic] of and at the time the Complaint was filed the City was a party to The Star Risk Pool, a non-profit risk pooling authority which provided coverage to the police department of the City of Biloxi. However, effective July 1, 1989, the City of Biloxi withdrew from The Star Pool. The contract between the City of Biloxi and The Star Pool contained a provision by which withdrawal from membership in the pool effected a cancellation of all coverage regardless of whether or not the incidents complained of had occurred prior to the withdrawal. The City of Biloxi has subsequently obtained other insurance from prospective claims, but does not have insurance coverage for the claim made by the Plaintiffs herein.
*1005 On June 11, 1990, the trial court rendered its final order reciting:
That the Complaint should be and hereby is dismissed upon the merits with prejudice to the rights of the plaintiffs herein for the reasons set forth in the Court’s Summary Judgment Order and Findings of Fact and Conclusions of Law referenced herein.
Aggrieved, Scotts appeal contending the trial court erred in granting summary judgment.
II.
We are immediately confronted with Miss.Code Ann. § 21-15-6 (Rev.1990) which provided at all relevant times as follows:
Municipalities are hereby authorized, in the discretion of the governing authorities, to purchase general liability insurance coverage, including errors and omissions insurance for municipal officials and municipal employees.
Nothing contained herein shall be considered as a waiver of immunity in whole or in part as to any governmental function attempted or undertaken by the municipality except that where the municipality has liability insurance coverage as to any action brought against it, then such action may be maintained against such municipality, but any recovery in such action shall be limited solely to the proceeds of any such liability insurance coverage and a judgment creditor shall have recourse only to the proceeds of such liability insurance coverage. Any judgment rendered in excess of the limits of such insurance shall, on motion of the court, be reduced as to the municipality to the amount of said liability insurance coverage but not as to any joint tort-feasor, if any. No attempt shall be made in the trial of any case to suggest the existence of any insurance which covers in whole or in part any judgment that may be rendered against any municipality.
Although City pled that it was clothed with sovereign immunity which constitutes a complete defense to Scotts’ action, § 21-15-6 provided legislative waiver of immunity to the extent that City had in force liability insurance covering the alleged occurrence. Smith v. City of West Point, 475 So.2d 816, 817 (Miss.1985).
Scotts urge on appeal that summary judgment was improperly granted because the City failed to place into the record a copy of its policy of insurance by which it alleges that its coverage for the Scotts’ claim was cancelled and its immunity reacquired. They maintain the absence of this document is not cured by the Mayor’s affidavit which is conclusory, opinionated, and obviously based only on information and belief. We agree.
City contends that it was Scotts’ duty to file a motion to strike the Mayor’s affidavit if they felt that it was insufficient, and because the Scotts made no timely motion, nor objection to the affidavit, waiver resulted, and the affidavit was properly considered. They cite Moore’s Federal Practice where it is stated that formal defects in an affidavit not measuring up to the standards of Rule 56(e) are waived in the absence of a motion to strike. Moore’s Federal Practice, § 56.22 (2nd ed. 1989). City cites cases where affidavits were un-sworn or where documents attached were not properly authenticated.
We agree that such formal defects may be waived if no timely objection is made, but we are presented with a different problem. The City’s defense rests upon the issue of whether they had liability coverage in force and effect with which to pay any judgment rendered against it. Obviously, the policy and contract between the City and The Star Pool is the best evidence of their agreements. Moreover, their response to Interrogatory No. 15 requesting information pertaining to their insurance protection for the matters complained of was filed after summary judgment had been rendered by the trial court.
Under those circumstances, the trial judge could not accept the Mayor’s conclu-sory affidavit, which was more than “formally” defective. Such action by the trial judge prohibited full development of all the *1006 facts necessary for proper ruling. Not to be overlooked is the fact that the Scotts requested appropriate excerpts of the policy of insurance providing coverage for City for the matter complained of, together with all appropriate identifying or declaration sheets. City's response filed September 5, 1989, directs the reader to “See attached.” The attachment was wholly insufficient for the purpose of disclosing the contents of the City’s contract and agreement with The Star Pool. It was City’s responsibility to see that the record included these documents if they were to be considered.
In Brown v. Credit Center, Inc., 444 So.2d 358, 367 (Miss.1983), information pertaining to the termination date of an insurance policy was required. The policy was not included as a part of the record. We stated:
The problem is that from the record before us, we cannot ascertain with confidence the termination date of the insurance policy. The record before us is inconclusive.... The best evidence of all — the insurance policy itself — is not before us, nor was it before the Circuit Court. We are therefore unable to look into the horse’s mouth and see exactly how many teeth he has, though surely the horse is available and ought to have been produced for such inspection.
The policy and other pertinent parts of the agreements between City and The Star Pool should have been placed before the trial court and made a part of the record so that full development of the necessary facts would have been permitted. See Davis v. City of Lexington, 509 So.2d 1049, 1051 (Miss.1987).
From the record before us, we cannot say that there are no disputed issues of material fact. An issue of fact may be present. In this posture, neither this Court nor the trial judge can say with reasonable confidence that the full facts of the matter have been disclosed. American Legion Post 42 v. Ocean Springs, 562 So.2d 103, 106 (Miss.1990).
We therefore reverse this case and remand it to the trial court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, PITTMAN, BANKS and McRAE, JJ., concur.

. Pruett v. City of Rosedale, 421 So.2d 1046 (Miss.1982).