IRVING, P.J.,
for the Court:
¶ 1. G. Rives Neblett foreclosed a deed of trust that had been granted to him by Perry Osborne. On the day of the foreclosure sale, Osborne unsuccessfully sought injunctive relief in the Chancery Court of Bolivar County. He later sought, via a Rule 60(b) motion, reconsideration of the court’s denial of injunctive relief. This effort was likewise unsuccessful. Feeling aggrieved, Osborne appeals and raises several assignments of error; however, only the issue of whether the chancery court erred in ratifying a foreclosure sale warrants discussion, since it is dispositive of this case.
¶ 2. Because the chancery court ratified a foreclosure sale that did not comply with the publication requirements of Mississippi Code Annotated section 89-1-55 (Rev. 1999) for lands sold under mortgages and deeds of trust, we reverse and render the judgment of the chancery court.
*312 FACTS
¶ 3. On June 80, 2000, Osborne executed a promissory note in favor of Neblett in the amount of $18,000 to purchase land in Alligator, Mississippi. In order to secure payment of the note, Osborne executed a deed of trust on the land in favor of Neb-lett. The note was to be repaid in thirty-six monthly payments of $300 and one balloon payment of $11,566.22, which was due on September 1, 2003.
¶ 4. Osborne defaulted on the note when he failed to make the final balloon payment in 2003. Neblett began foreclosure preparation by posting a notice of trustee sale at the Bolivar County Courthouse; he also delivered a notice of trustee’s sale to the Bolivar Commercial for publication. The notice was published in the November 18, 25, and December 2, 2008, issues of the paper, and the trustee’s sale was held on December 4, 2008, at 1:00 p.m. On the same day of the sale, Osborne filed a complaint in the Bolivar County Chancery Court seeking to enjoin Neblett from foreclosing on the property.
¶ 5. On February 5, the chancery court held a hearing on Osborne’s complaint. Following the conclusion of the hearing, the chancery court ratified the foreclosure sale and ordered Osborne to vacate the property within sixty days. Osborne did not appeal this decision. On March 16, 2009, Osborne filed a motion for reconsideration and requested relief under Rule 60(b) of the Mississippi Rules of Civil Procedure. In his motion, Osborne raised, for the first time, the issue of deficient publication of the foreclosure sale. The chancery court denied Osborne’s motion for reconsideration, finding that he had waived the issue of deficient publication by failing to raise it in his complaint or at the hearing on his complaint.
¶6. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶7. A Mississippi appellate court employs a limited standard of review on appeals from chancery court. Corp. Mgmt. v. Greene County, 23 So.3d 454, 459 (¶ 11) (Miss.2009). As such, we “will not disturb the factual findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, [or his findings were] clearly erroneous[,] or [he] applied an erroneous legal standard.” Id. (quoting Biglane v. Under The Hill Corp., 949 So.2d 9,13-14 (¶ 17) (Miss.2007)). However, questions of law are reviewed de novo. Id.
¶ 8. Osborne argues that the chancery court erred when it validated the foreclosure sale, which did not comply with the publication requirements found in section 89-1-55. This section provides in pertinent part:
All lands sold at public outcry under deeds of trust or other contracts ... shall be advertised for three consecutive weeks preceding such sale, in a newspaper published in the county, or, if none is so published, in some paper having a general circulation therein, and by posting one notice at the courthouse of the county where the land is situated, for said time, and such notice and advertisement shall disclose the name of the original mortgagor or mortgagors in said deed of trust or other contract. No sale of lands under a deed of trust or mortgage, shall be valid unless such sale shall have been advertised as herein provided for, regardless of any contract to the contrary. An error in the mode of sale such as makes the sale void will *313 not be cured by any statute of limitations, except as to the ten-year statute of adverse possession.
(Emphasis added). Section 89-1-55 clearly requires three weeks between the first publication and the foreclosure sale. Furthermore, failure to comply with the statute’s publication requirements renders a foreclosure sale void. In this case, Neblett sold Osborne’s land on December 4, 2008, when only sixteen days had passed since the first publication. The sale could not have been legally held until December 9, 2008, twenty-one days after the initial publication.[1] Because the sale did not comply with the publication requirements of section 89-1-55, the sale is void.
¶ 9. Neblett contends that Osborne waived the notice issue when he failed to raise it in his initial complaint or at the February 5, 2009, hearing. However, as the statute clearly states, foreclosure sales that do not comply with section 89-1-55 are void, and Osborne’s failure to raise the issue is irrelevant because the sale is a nullity and unenforceable under the law. Furthermore, our supreme court has held that the publication requirements of section 89-1-55 may not be waived by the parties. Lee v. Magnolia Bank, 209 Miss. 804, 813, 48 So.2d 515, 517 (1950). As such, the chancery court erred in ratifying the foreclosure sale, and we reverse and render the court’s judgment. Nothing in this opinion shall be interpreted as preventing Neblett from initiating another foreclosure sale, assuming the underlying debt is still owed and a payment or payments due under the promissory note are in default.
¶ 10. THE JUDGMENT OF THE BOLIVAR COUNTY CHANCERY COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
LEE, C.J., BARNES, ISHEE AND MAXWELL, JJ., CONCUR. GRIFFIS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MYERS, ROBERTS AND CARLTON, JJ. RUSSELL, J., NOT ■ PARTICIPATING.

. The Mississippi Supreme Court has held that "[t]he proper mode of computing time, where notice for a specific time is to be given before an act can be done, it [sic] to exclude the day on which the notice was given, and include the day fixed for the performance of the act." Donald v. Commercial Bank of Ma-gee, 132 Miss. 578, 583-84, 97 So. 12, 13 (1923) (quoting Hall v. Cassidy, 25 Miss. 48, 49 (1852)). Therefore, we have computed the requisite twenty-one days as starting on November 19, 2008, and ending on December 9, 2008.