WALLER, Chief Justice, for the Court:
¶ 1. This matter comes before the Court on interlocutory appeal from the Circuit Court of Warren County, in which the circuit court affirmed in part and reversed in part the county court’s grant of summary judgment for Plaintiff, James D. Hobson, Jr. Defendants Chase Home Finance, LLC, and Priority Trustee Services of Mississippi, LLC (collectively referred to as “Chase”) appeal the circuit court’s affirmance of their liability. Hobson cross-appeals from the circuit court’s order vacating the county court’s award and ordering a trial on damages.
¶ 2. We find that the borrower’s alleged reinstatement prior to the foreclosure sale creates a genuine issue of dispute regarding Chase’s liability, and, therefore, we hold that the circuit court erred in affirming the county court’s grant of summary judgment as to liability. Accordingly, we reverse the circuit court’s judgment and remand to the county court for further proceedings.
FACTS AND PROCEDURAL HISTORY
¶ 3. In April, 1996, Deborah Hood Quim-by executed a deed of trust securing indebtedness on, and conveying a security interest in, property in Warren County, Mississippi. The deed eventually was assigned to Chase Home Financing, LLC, which appointed Priority Trustee Services of Mississippi, LLC, as substitute trustee.[1]
¶ 4. Quimby defaulted on her loan payments, and Chase scheduled a foreclosure sale on the property for March 20, 2008. At some time prior to the foreclosure sale, Quimby allegedly cured her default and reinstated her loan. The record does not show how or when Quimby allegedly reinstated. Chase alleges that it attempted to communicate the reinstatement to the crier of the foreclosure sale, but was unsuccessful.
¶ 5. Hobson appeared at the foreclosure sale and offered the highest bid at $60,948.82. Hobson tendered to Chase’s agent a cashier’s check in this amount. Chase gave Hobson a receipt for the sale, which included the following language:
The sale will not be considered final until all requirements have been met and may be withdrawn based on a timely re-instatement and/or by an order of the Bankruptcy Court.
About two weeks later, Chase returned Hobson’s check and refused to tender a deed to the land, stating that the foreclosure sale had been cancelled due to Quim-by’s reinstatement.
¶ 6. On April 24, 2008, Hobson filed a complaint in the County Court of Warren County against Chase, alleging breach of contract. Hobson contended that the de *1100 fendants’ breach was grossly negligent and requested actual and punitive damages, along with attorney’s fees and expenses. Chase denied the allegations. Subsequently, each party filed a motion for summary judgment.
¶ 7. On December 1, 2009, the county court granted Hobson’s motion for summary judgment and denied Chase’s motion. The court found that Hobson was entitled to $95,051.18 in damages to compensate him “for the loss of his bargain.” This award was based on the difference between the amount he offered for the property and the value of the property, according to an appraisal submitted by Hobson. The court also awarded Hobson $10,868.60 in attorney’s fees and expenses, finding that Chase’s breach was grossly negligent. The county court’s judgment did not address Quimby’s alleged reinstatement and the effect it might have had on the foreclosure sale.
¶ 8. Chase appealed, and on February 18, 2011, the circuit court affirmed summary judgment for Hobson on Chase’s liability, holding that the parties had formed a contract and that Chase had breached that contract.[2] However, the circuit court held that there were genuine issues as to the existence and amount of damages and ordered a trial on these issues. The circuit court, like the county court, did not address the alleged reinstatement in its judgment. This Court then granted Chase’s petition for interlocutory appeal.
ISSUES
¶ 9. On appeal, Chase claims the circuit court erred in affirming summary judgment as to Chase’s liability. On cross-appeal, Hobson claims the circuit court erred in vacating the county court’s award and ordering a trial on damages.
STANDARD OF REVIEW
¶ 10. We review a trial court’s grant or denial of summary judgment de novo. Waggoner v. Williamson, 8 So.3d 147, 152 (Miss.2009). Summary judgment shall be rendered when “the pleadings, depositions, answers to interrogatories and admissions on file ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Miss. R. Civ. P. 56(c). The moving party bears the burden of showing that no genuine issue of material fact exists, whereas the nonmov-ing party is given the benefit of the doubt as to the existence of a material fact. Waggoner, 8 So.3d at 152-53. When considering a motion for summary judgment, evidence must be viewed in the light most favorable to the nonmoving party. Id. at 152.
DISCUSSION
I. Chase’s appeal
¶ 11. Both the county and circuit courts appear to have focused on the actions taken by the parties on the courthouse steps at the foreclosure sale. Each court determined the parties had formed a contract for the purchase and sale of property. Neither court, though, addressed the central matter at issue in this case— whether Quimby, the borrower, reinstated her loan prior to the foreclosure sale. Proper analysis of the case must begin with a determination of this issue.
¶ 12. “Caveat emptor still reigns at foreclosure sales.” Hill v. Thompson, 564 So.2d 1, 11 (Miss.1989). Mississippi *1101 law protects a borrower’s right to reinstate his or her loan up until the moment a foreclosure sale is made. Miss.Code Ann. § 89-1-59 (Rev. 2011) (after default, “the debtor ... may at any time before a sale be made ... stop a threatened sale under the powers contained in [the deed of trust].”) (emphasis added). Under this statute, once a borrower reinstates his or her loan, the mortgagee no longer has the right to sell the property. See In re Martin, 276 B.R. 552, 555 (Bankr.N.D.Miss.2001) (“In effect, a debtor may stop a foreclosure sale, before it becomes final, by bringing the debt current.”) (interpreting Section 89-1-59).
¶ 13. If Quimby did, in fact, reinstate her loan prior to the foreclosure sale, then she was no longer in default and Chase could not convey the property at the foreclosure sale, pursuant to Section 89-1-59. If Chase conducted the sale without statutory authority, then the foreclosure sale was void. See Osborne v. Neblett, 65 So.3d 311, 313 (Miss.Ct.App.2011) (foreclosure sale held void when it did not comply with statutory requirements); see also Lake Hillsdale Estates, Inc. v. Galloway, 473 So.2d 461, 465 (Miss.1985) (stating that a foreclosure under a “power of sale” clause is properly conducted only if it meets statutory requirements). If the sale was void, then Hobson did not acquire anything at the sale and does not have a claim for breach of contract. So, if Quimby reinstated her loan prior to the foreclosure sale, not only should Hobson be denied summary judgment, but judgment should be entered in favor of the defendants.[3]
¶ 14. However, whether and when Quimby reinstated her loan remains a disputed issue of fact at this stage of the litigation. While Chase contends that Quimby reinstated her loan prior to the foreclosure sale, the only proof offered by Chase relating to Quimby’s reinstatement is in an affidavit submitted by Lashun Palmer, a Reinstatement/Payoff Representative for Prommis Solutions, Inc.[4] Palmer’s affidavit says only that the borrower (Quimby) “complied with [the reinstatement] requirements prior to the foreclosure sale that was cried on March 20, 2008.” Absent from the record is a copy of Quimby’s check or any other indication of payment made to cure her default. Nor does the record contain any documentation from Chase that Quimby has cured the default and reinstated the loan. Although the affidavit submitted is sufficient to create a genuine issue as to whether Quimby reinstated her loan prior to the foreclosure sale, it is insufficient to prove the matter in Chase’s favor under the summary judgment standard. See Scott v. City of Biloxi, 592 So.2d 1003 (Miss.1991) (holding that *1102 mayor’s conclusory affidavit concerning insurance policy was insufficient proof to warrant summary judgment for the city when the policy itself was not in the record). Accordingly, at this stage of the litigation, Chase is not entitled to judgment as a matter of law.
¶ 15. On remand, the trial court should first determine whether Quimby reinstated her loan prior' to the foreclosure sale. If she did, then Hobson’s breach-of-contract claim fails, and judgment should be entered for the defendants.
II. Hobson’s Cross-Appeal
¶ 16. Having determined that summary judgment for Hobson was inappropriate, Hobson’s cross-appeal, asking this Court to reinstate the damage award of the county court, is denied without further discussion.
III. Remand
¶ 17. Because this appeal comes from a circuit court’s review of a county court’s judgment, there appears to be a question regarding to which court the case should be remanded. The circuit court’s order initially remanded the case for a trial on damages in the county court. Both parties then argued that the case should be retained by the circuit court under Mississippi Code Section 11-51-79 (Rev. 2002).[5] The circuit court then amended its order to show that the trial on damages would take place in the circuit court. On appeal, Chase asks this court to reverse the judgment and remand the case to the circuit court.
¶ 18. This Court has held that Mississippi Code Section 11-51-79 has no application on appeals from grants of summary judgment in county court. Allen v. Mayer, 587 So.2d 255, 261 (Miss.1991). “Procedural matters regarding appeals from county to circuit or chancery court, not otherwise prescribed, are governed by the Rules of the Mississippi Supreme Court.” Id. When we reverse a circuit court’s affirmance of a county court’s grant of summary judgment, we remand the case to county court. Id. Accordingly, we remand this case to the County Court of Warren County for further proceedings.
CONCLUSION
¶ 19. If the borrower reinstated her loan prior to the foreclosure sale, then Hobson’s breach-of-contract claim fails. This material question of fact creates a genuine issue of dispute precluding summary judgment for Hobson. Accordingly, we reverse the circuit court’s affirmance of summary judgment for Hobson and remand the case to county court for further proceedings. In so doing, we effectively deny Hobson’s cross-appeal, by refusing to reinstate the judgment of the county court.
¶ 20. ON DIRECT APPEAL: REVERSED AND REMANDED. ON CROSS-APPEAL: AFFIRMED.
CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR.

. Priority, appointed as substitute trustee by Chase, was acting as Chase’s agent throughout the foreclosure proceedings. See Wansley v. First Nat’l Bank of Vicksburg, Vicksburg, Miss., 566 So.2d 1218, 1223 (Miss.1990) (trustee under a deed of trust acts as agent to both parties under the deed of trust). Furthermore, Chase and Priority have filed joint briefs and neither has argued that its actions should be considered separate from the actions of the other. Accordingly, this opinion will not distinguish between action taken by Chase, or its representatives, and action taken by Priority, or its representatives. The defendants will be referred to collectively as "Chase.’’

. The circuit court’s decision effectively affirmed the denial of Chase’s motion for summary judgment.

. Such a decision is in line with authority from other jurisdictions. See Lee v. HSBC Bank USA, 121 Hawai’i 287, 218 P.3d 775 (2009) (holding that a winning bidder at a foreclosure sale was entitled only to the return of his purchase money with interest when, unbeknownst to seller, borrower had timely reinstated prior to the sale); Residential Capital, LLC v. Cal-Westem Reconveyance Corp., 108 Cal.App.4th 807, 134 Cal.Rptr.2d 162 (Cal.Ct.App.2003) (same); Staffordshire Investments, Inc. v. Cal-Westem Reconveyance Corp., 209 Or.App. 528, 149 P.3d 150 (2006) (limiting winning bidder’s recovery to return of his purchase funds when borrower and bank had agreed to postpone foreclosure sale, but sale went through due to miscommunication); Ameriquest Mortgage Co. v. Bellon, 29 A.D.3d 612, 815 N.Y.S.2d 193 (N.Y.App.Div. 2006) (holding foreclosure sale null and void where borrower made timely reinstatement prior to sale).

. According to Palmer’s affidavit, Prommis Solutions was retained by the law firm Morris, Schneider, Prior, Johnson, & Freedman, LLC, "to handle the processing of the foreclosure sale and any possible reinstatement of the Property.” At the time, this law firm was representing Priority.

. Mississippi Code Section 11-51-79 concerns appeals from county courts. The statute provides, in pertinent part, that "if a new trial is granted the cause shall be remanded to the docket of such circuit or chancery court and a new trial be had therein de novo."