DICKINSON, Presiding Justice,
dissenting:
¶39. The case before us today is not even in the same galaxy as Robinson v. Howard Brothers of Jackson,[11] the case the majority misuses to snuff out — at the summary judgment stage — a legitimate wrongful-death lawsuit. Because this case should be submitted to a jury, I respectfully dissent.
I. Majority opinion
¶ 40. To its credit, the majority recognizes that, since the trial judge granted Walmart summary judgment, all factual inferences and disputes must be considered in the light most favorable to the nonmoving party who, in this case, is the plaintiff.[12] But after saying it, the majority does not do it.
¶ 41. There are two theories of what happened when Xavier Moore shot and killed his mother’s live-in boyfriend, Robert Williams. The theory most favorable to the plaintiff is that Moore — a minor— was sleeping with his girlfriend when Williams began banging loudly on the door and making threats. Xavier was unsure of what to do. Afraid of Williams, who had physically abused Moore’s mother and sister, Moore got a handgun and ammunition he had purchased illegally at Wal-Mart and — aiming high enough to avoid hitting Williams — pulled the trigger, never intending to injure Williams, but only to scare him away.
*125 ¶ 42. These facts simply do not support the majority’s citation of, and rebanee on, Robinson. The facts of today’s case do, however, suggest that we should follow our precedent in Munford v. Peterson — a case cited and discussed at length by Robinson, but completely ignored by today’s majority-

Munford, Inc. v. Peterson

¶ 43. In Munford, Inc. v. Peterson, a convenience store clerk violated the law by selling alcoholic beverages to a minor, who then drank the beer, became intoxicated, and caused an automobile wreck, killing a passenger.[13] Facing the same arguments we face today, the Munford Court held that the sale of the alcohol in violation of the statute constituted negligence per se, and the question of foreseeabibty was for the jury to decide.[14]
¶ 44. The parallel between Munford and the case before us today is striking. In both cases, a store clerk violated the law by selling something to a minor. In both cases, the minor used the thing purchased to commit a criminally negbgent act to bring about the death of another. The minor in the case before us today, using a gun in a negligent and reckless manner, unintentionally caused Williams’s death. In Munford, the minor committed a reckless, criminally negligent act by driving a vehicle while under the influence of alcohol, causing the death of one of the passengers.

Robinson v. Howard Brothers of Jackson

¶ 45. In Robinson, a store clerk unlawfully sold a gun and ammunition to a minor, who used the gun and ammunition to commit premeditated murder.[15] This Court held that the sale of the gun and ammunition constituted negligence per se, but the murder was unforeseeable.[16] Unlike today’s majority, the Robinson Court distinguished its holding from the Mun-ford decision by carefully and clearly limiting its scope to cases of premeditated murder:
This case is distinguishable from the facts in Munford [discussed below] because in this case the purchaser of the pistol committed a premeditated murder whereas Munford dealt with the negligent operation of an automobile.
The question of foreseeability is important in our case because there is less reason to anticipate premeditated and malicious acts as opposed to acts which are merely negligent,[17]
¶ 46. No one claims that this is a case of premeditated murder. Rather, it is (as Moore claimed in his deposition, and as the plaintiff alleged in the Complaint) a case of negligent, reckless behavior — just as Mun-ford was a case of reckless behavior. While the instrumentality may have been different — here, a gun; in Munford, a car — neither case involved a superseding, intervening cause, and the question of foreseeability in both cases was for a jury to decide.
¶ 47. As the majority recognizes (but then ignores), a crucial finding by the Robinson Court was that the minor’s act was intentional and malicious.[18] In this case, viewing the facts in the light most favorable to the plaintiff, the minor’s act was *126 neither. The truth is, the majority simply has decided to extend Robinson’s limited holding now to apply to cases of reckless, negligent conduct. While I disagree with doing so, I would find the majority’s opinion much less offensive (in the legal, not personal, sense) if it simply said so.
¶ 48. I find alarming the majority’s factual conclusion that a minor’s reckless, negligent use of a handgun is unforeseeable. I find it even more alarming that, in order to get there, the majority presumes to evaluate and weigh the facts. Does the majority suggest that Walmart would be insulated from liability if the age of the minor in this case had been ten? What about twelve?
¶ 49. The test for foreseeability does not involve anticipation of the exact damage or harm, but rather anticipation of the type of harm inflicted.[19] How on earth can the majority find it unforeseeable that minors will use handguns negligently and irresponsibly? I find it completely foreseeable, and I am not alone.
¶ 50. Congress enacted the Gun Control Act[20] to prevent persons under twenty-one years of age — who, in their opinion, are immature and thus susceptible to handling firearms unsafely — from purchasing firearms and ammunition.[21] While it is fairly debatable whether the Walmart employee should have foreseen that illegally selling handgun ammunition to a minor would result in a criminal act — like the one committed in Robinson it was most certainly foreseeable that the minor might act recklessly and immaturely, and commit a negligent act. So I cannot agree with the majority.
II. Justice Randolph’s specially concurring opinion
¶ 51. The specially concurring opinion — while attaching a “dubious hypothesis” label to my conclusion that, in passing the Gun Control Act, Congress was concerned that minors would handle handguns unsafely — offers no alternative theory as to why Congress would select an age requirement for the use of handguns. It seems rather obvious to me that the old saw — “with age comes maturity” — played some part.
¶ 52. And its reference to eighteen-year-olds in the military would have us assume the Unites States Army issues handguns to new recruits upon their arrival at boot camp. I would need to see some proof to accept that theory. Additionally, employing curious logic, the specially concurring opinion asserts that the Mississippi Legislature is unconcerned about minors handling handguns, but then immediately cites Section 97-87-18 — a statute that clearly demonstrates the Legislature’s concern about minors having handguns.
¶ 53. The specially concurring opinion rejects the notion that this Court’s holding in Robinson was limited to cases involving the commission of premeditated murder. In fact, tucked away in a footnote lies the statement: “The criminal disposition of the charge is not revealed.”[22] The Robinson opinion says otherwise.
¶ 54. Robinson declares early on that “Alexander murdered Mrs. Robinson with the pistol and ammunition purchased from *127 Howard Bros.”[23] The opinion then refers to “the murder of Mrs. Robinson,” and later states: “in this case the purchaser of the pistol committed a premeditated murder." [24] In truth, the Robinson opinion refers to the “murder ” of Mrs. Robinson seven times.[25] Hard for me to accept that this Court would label someone a murderer who had not been convicted of murder.
¶ 55. The fact is, this Court’s holding in Robinson was specifically and explicitly limited to cases of premeditated murder, and neither Justice Randolph nor the majority offer any analysis or logical argument to the contrary.
¶ 56. And finally (as to the specially concurring opinion’s treatment of Robinson ), I reject its use of snippets from here and there to create the blanket notion that, because everyone is justified in assuming others will obey the criminal law, then— ipso facto — the commission of a criminal act is a superseding intervening cause. That principle — if true — would considerably alter Mississippi tort litigation, eliminating, for example third-party responsibility for traffic violations (all of which are criminal acts), dram shop cases (such as Munford), negligent entrustment cases, and many others.
¶ 57. Turning to the specially concurring opinion’s analysis of Munford, I struggle to see the point it attempts to make. If its point is that Munford has no application here because the intoxicated driver was not actually charged with a crime (it seems obvious to me he was), then what if he had been charged with, and convicted of, a crime? The specially concurring opinion obviously takes the view that — where the State successfully prosecutes a driver for negligent homicide for driving under the influence — there can be no civil liability to sellers of alcohol. I reject that view.
¶ 58. Today’s holding — and the specially concurring opinion’s elaboration of it— both unjustifiedly expand Robinson, and I cannot agree with them. I respectfully dissent.
KITCHENS, CHANDLER AND KING, JJ„ JOIN THIS OPINION.

. Robinson v. Howard Brothers of Jackson, 372 So.2d 1074 (Miss. 1979).

. Maj. Op. ¶ 12; see also Chase Home Fin., L.L.C. v. Hobson, 81 So.3d 1097, 1100 (Miss.2012).

. Munford, Inc. v. Peterson, 368 So.2d 213, 214-15 (Miss.1979).

. Id. at 217-18.

. Robinson, 372 So.2d at 1074 (emphasis added).

. Id. at 1076.

. Id. at 1076 (emphasis added).

. Id.

. Rein v. Benchmark Const. Co., 865 So.2d 1134, 1145 (Miss.2004).

. 18 U.S.C. § 922(b)(1) (2006).

. It was Congress who established the cutoff age of immaturity for the use of handguns and, when doing so, they did not — as the concurring opinion would suggest — consult me.

.Randolph Op. n. 8.

. Robinson, 372 So.2d at 1074 (emphasis added).

. Id. at 1075-76 (emphasis added).

. Id. at 1074-76.