## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-01268-COA

MICHAEL KIRBY AND WILLIAM T. HEIMER                 APPELLANTS

v.

BANCORPSOUTH BANK                                              APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/07/2014 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | JEFFREY DALE RAWLINGS |
| | JON JERDONE MIMS |
| ATTORNEY FOR APPELLEE: | KEVIN B. SMITH |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | GRANTED SUMMARY JUDGMENT IN FAVOR OF APPELLEE AND ENTERED A JUDGMENT AGAINST THE APPELLANTS FOR $518,643.01 |
| DISPOSITION: | AFFIRMED - 01/19/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND ISHEE, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1.     Michael Kirby and William T. Heimer appeal from a final judgment issued by the Madison County Circuit Court that awarded BancorpSouth Bank $518,643.01 plus interest at the contract rate of five percent per annum.  The circuit court found that Kirby and Heimer were liable for this amount following a foreclosure action pursuant to the terms of a guaranty Kirby and Heimer each executed.  In addition, Kirby and Heimer are appealing two circuit court orders: (1) the order that was entered on August 7, 2014, denying Kirby and Heimer's

motion to strike the affidavit of a nondesignated expert; and (2) the order that was entered on December 13, 2013, denying Kirby and Heimer's motion to dismiss for lack of prosecution. Finding no error, we affirm the orders entered by the circuit court.

**FACTS**

¶2. Kirby and Heimer were members of Mont St. Michel LLC, along with Chad Knight, who was the manager. Mont St. Michel engaged in the business of residential real-estate development in Madison County, Mississippi. Kirby and Heimer each invested $100,000 cash in the Mont St. Michel subdivision development project, in which Mont St. Michel acquired seventy acres in 2004 to be developed in two phases. BancorpSouth provided the financing necessary for the $738,187 loan, and Kirby and Heimer each executed separate unconditional and continuing guaranties ensuring the repayment of the debt. Knight began developing the subdivision and contracted with Hemphill Construction to provide the construction work.

¶3. The note executed by Mont St. Michel matured on February 17, 2008, and on March 10, 2008, counsel for BancorpSouth wrote a letter to Mont St. Michel informing the members that the note was fully due in the amount of $768,343.96. Mont St. Michel was unable to make its payments and deeded the Phase I portion of the property to Hemphill as payment for services rendered. A foreclosure proceeding was held on September 12, 2008, for Phase II of the development, and BancorpSouth was the high bidder. Thus, BancorpSouth purchased the property for $400,000. At the time of the foreclosure, the payoff balance on the note was $789,829.94. Following the foreclosure sale, there was a deficiency due in the

2

amount of $390,931.94 plus interest.

¶4.     When the note was not paid, BancorpSouth filed its lawsuit against Kirby and Heimer on September 19, 2008, seeking repayment.  On August 24, 2012, BancorpSouth filed its motion for summary judgment, which was granted by the circuit court.  The circuit court entered a judgment finding that Kirby and Heimer were jointly and severally liable for the amount of $464,445.74 plus attorney's fees in the amount of $54,197.27.  Aggrieved, Kirby and Heimer filed this appeal.

## STANDARD OF REVIEW

¶5.     This Court reviews the circuit court's grant or denial of summary judgment de novo. *Chase Home Fin. LLC v. Hobson*, 81 So. 3d 1097, 1100 (¶10) (Miss. 2012) (citing *Waggoner v. Williamson*, 8 So. 3d 147, 152 (¶11) (Miss. 2009)).  The Mississippi Supreme Court has held:

> Summary judgment is appropriate and shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law. Importantly, the party opposing summary judgment may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If he does not so respond, summary judgment, if appropriate, will be entered against him.

*Karpinsky v. Am. Nat'l Ins.*, 109 So. 3d 84, 88 (¶10) (Miss. 2013) (internal citations omitted).

## DISCUSSION

### I.     Fair Market Valuation

¶6. First, Kirby and Heimer argue that the circuit court erred in finding that they, as guarantors, waived any and all defenses as to fair market valuation, including any objection based on the fact that BancorpSouth did not obtain the value of the land it purchased in the foreclosure proceeding. Kirby and Heimer executed a guaranty, which contained the following relevant provisions:

> The liability of Guarantor is primary, absolute, unconditional, continuing, complete and irrevocable, and will not be discharged except by complete and final performance of the Obligations and no act need occur to establish Guarantor's liability hereunder, irrespective of, but not limited to . . . the absence of, delay in, or timing of any action by Bank to enforce or exhaust its remedies under or against the Obligations and/or the Collateral Security[;] . . . any action to seek or enforce a judgment against Borrower or any Other Obligor(s)[;] . . . any other circumstance which might, absent the unconditional and continuing nature of this Guaranty, constitute a defense of a Guarantor.

> The liability of Guarantor hereunder shall not be extinguished . . . until complete and final performance of all Obligations of Borrower to Bank, including the expiration of any and all applicable preference periods under United States Bankruptcy laws, during which period(s) payments on the Obligations may be required to be returned to the payor thereof, or any trustee or other representative.

> Regardless of any demand from Guarantor, if any, Bank shall not be bound to seek payment from or exhaust its recourse, in whole or in part, against the Borrower, other Guarantors, if any, or any Other Obligor(s), or upon the Collateral Security, before being entitled to payment from Guarantor hereunder.

> . . . .

> Bank may at any time, in Bank's sole discretion, and without the consent of, or notice to Guarantor, and without affecting Guarantor's liability hereunder . . . sell, exchange, release, impair, substitute, modify, adjust, or surrender any of the Collateral Security; . . . take or not take any action as to any or all of the Collateral Security, apply the proceeds of any Collateral Security sale against any of the Obligations in any order or sequence, or as it deems best[.]

4

. . . .

Guarantor expressly waives TRIAL BY JURY[.]

. . . .

Guarantor . . . waives any and all defenses, claims, and discharges of Borrower, or of any Other Obligor, pertaining to the Obligations or Collateral Security, except the defense of discharge by payment in full, and Guarantor will not assert, plead or enforce against Bank any defense of waiver, failure of consideration, breach of warranty, lender liability, accord and satisfaction, novation, release, res judicata, statute of frauds, statute of limitations, fraud, incapacity, minority, usury, defense based upon Collateral Security disposition, homestead exemption, valuation, stay or moratorium law, or unenforceability, which may be available to Borrower or any Other Obligor.

. . . .

You are being asked to guarantee this debt, which are called "Obligations" in this Guaranty. This includes all future debts of the Borrower, as well. Think carefully before you sign this Guaranty. If the Borrower does not pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility. You may have to pay up to the full amount of the debt if the Borrower does not pay. You may have to pay late fees or collection costs. The creditor (Bank) can collect this debt from you without first trying to collect from the Borrower. This creditor can use the same collection methods against you that can be used against the Borrower, such as suing you, garnishing your wages, etc.

¶7.    When the note matured on February 17, 2008, and had not been paid, Kirby and Heimer became liable for the unpaid balance. BancorpSouth sent a letter to the members of Mont St. Michel dated March 10, 2008, which informed them that the balance of $768,343.96 was fully due and payable immediately.

¶8.    On September 12, 2008, a foreclosure proceeding was conducted on Phase II of the Mont St. Michel development. BancorpSouth was the highest bidder and purchased the property for $400,000. That amount was applied to the debt owed by Mont St. Michel on the

5

note, which had a balance of $789,829.94. As a result, there was a deficiency on the note in the amount of $390,931.94 plus interest. BancorpSouth filed this lawsuit against Kirby and Heimer, as guarantors, in an effort to recover the deficiency.

¶9. Kirby and Heimer argue that the circuit court erred in allowing the deficiency to be computed using BancorpSouth's bid price. Kirby and Heimer maintain that allowing a deficiency value to be solely determined by a bid price would lead to unfair practices by lenders. In addition, they cite to caselaw in an effort to support their contentions.

¶10. Kirby and Heimer are correct that "[s]omething more than a difference between the price paid at the foreclosure and the amount of the indebtedness must be demonstrated before the mortgagee is entitled to a deficiency judgment." *Hartman v. McInnis*, 996 So. 2d 704, 710-11 (¶21) (Miss. 2007) (citation omitted). However, this case is not between a lender and a borrower. The Mississippi Supreme Court recently pointed out that "[u]nlike suits where the lender sues the primary borrower, an individual guaranty . . . does not require foreclosure or fairness of price. The guarantor is immediately liable upon the borrower's . . . default. . . . Thus, [the guarantor] is incorrect when she claims [the lender] was required to show the foreclosure sale price was fair." *Bosarge v. LWC MS Props. LLC*, 158 So. 3d 1137, 1143 n.5 (Miss. 2015).

¶11. In addition, we look to the language of the guaranty, which explicitly states that Kirby and Heimer, as guarantors, "will not assert, plead, or enforce against Bank any defense of . . . valuation . . . or unenforceability." Based on the foregoing, we find that the circuit court was correct in granting BancorpSouth's motion for summary judgment. Kirby and Heimer

6

have failed to prove that there is any genuine issue of material fact regarding the valuation of the property. This issue is without merit.

## II. Motion to Strike

¶12. Next, Kirby and Heimer argue that the circuit court erroneously denied their motion to strike the affidavit of Joe W. Parker as well as their motion to strike Parker's appraisal. Kirby and Heimer take issue with a draft appraisal of the foreclosed property that was prepared by Parker with an effective date of May 20, 2009. Parker was not ever designated by BancorpSouth as an expert witness. BancorpSouth, on the other hand, claims that the circuit court did not rely upon the affidavit or the appraisal in granting summary judgment and that this argument is without merit. We agree.

¶13. Having reviewed the record, we see no indication that the circuit court relied on the affidavit or the appraisal in granting summary judgment. Likewise, in completing a de novo review of the circuit court's grant of summary judgment, we looked only to the applicable caselaw and the language contained in the guaranty. We need not utilize the affidavit or the appraisal. Accordingly, this issue is without merit.

## III. Failure to Timely Prosecute the Complaint

¶14. Finally, Heimer and Kirby argue that BancorpSouth failed to timely prosecute its complaint. They argue that nearly six years passed between the time BancorpSouth foreclosed on the property and the time it filed its amended motion for summary judgment on June 4, 2014. BancorpSouth, on the other hand, states that it did not take part in any dilatory or contumacious conduct. Instead, BancorpSouth claims that it spent a majority of

7

the litigation defending itself against the counterclaim filed by Heimer, Knight, and Mont St. Michel, "which required extensive discovery to defeat."

¶15. Mississippi Rule of Civil Procedure 41(b) allows a defendant to file a motion to dismiss any claim against him when the plaintiff fails to prosecute. "The purpose of this rule is to provide trial judges the inherent authority to dismiss cases as a means of controlling the court's docket and ensuring expeditious justice." *Cornelius v. Benefield*, 168 So. 3d 1028, 1032 (¶7) (Miss. Ct. App. 2013) (quoting *Hanson v. Disotell*, 106 So. 3d 345, 347 (¶8) (Miss. 2013)). When analyzing whether a Rule 41(b) dismissal is appropriate, this Court looks for the following factors: "(1) a record of dilatory or contumacious conduct by the plaintiff; and (2) a finding that lesser sanctions would not serve the interests of justice." *Id*. at 1032-33 (¶7) (quoting *Holder v. Orange Grove Med. Specialties P.A.*, 54 So. 3d 192, 197 (¶18) (Miss. 2010)). "However, past Mississippi practice has tempered this harsh result by allowing dismissed cases to be reinstituted, except in extreme situations." *Hensarling v. Holly*, 972 So. 2d 716, 719-20 (¶7) (Miss. Ct. App. 2007) (quoting *Taylor v. GMC*, 717 So. 2d 747, 748 (¶5) (Miss. 1998)). The law favors a trial of issues on the merits; therefore, a dismissal for want of prosecution is reluctantly applied. *Id*. at 720 (¶8) (citing *AT&T v. Days Inn*, 720 So. 2d 178, 180 (¶12) (Miss. 1998)).

¶16. We find that there was no record of dilatory or contumacious conduct by BancorpSouth and agree with the circuit court's ruling. Indeed, this has been a lengthy litigation process; however, it appears all parties participated at all times. We find that this issue is without merit.

¶17. **THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., CARLTON, FAIR AND WILSON, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.**